MARY CHASE AUSTIN *et al. vs.* NEWPORT TRUST COMPANY, ADMR., *c.t.a., et al.*

JUNE 5, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity to impress a trust upon certain monies deposited in a bank account standing in the name of Sarah W. Barker, deceased. After a hearing in the superior court on bill, answer and proof, a decree was entered granting the relief prayed for, relating to the full

amount of·such account. The cause is before us upon the respondents' appeal from this decree.

The complainants are certain "descendants" of George C. Barker, deceased, who was the husband of Sarah W. Barker. The respondents are the administrator, *c.t.a.*, of the estate of said Sarah W. Barker and certain other "descendants" of said George C. Barker.

The bill alleges, in substance, that George C. Barker died, intestate, November 21, 1903 leaving surviving him his widow, the said Sarah W. Barker, and two children, apparently by his former marriage; that on November 30, 1933 the widow and these two children entered into a written agreement which provided chiefly: (1) That the administrator of the estate of George C. Barker transfer to the widow the full amount of a deposit in the Savings Bank of Newport standing in the name of George C. Barker, in the amount of $3449.46; and (2) that the widow make and duly execute within thirty days a will "bequeathing to and among the descendants of said George C. Barker, living at the time of her decease, as she may determine, all the property real or personal which she shall leave at her decease, and which she shall have derived from the Estate of said George C. Barker, either by gift or bequest, or under the provisions of this Agreement, and that said provisions of said Will shall not be altered or changed."

The bill further alleges that the money in said account was accordingly transferred by the administrator to the widow, but that she failed to make her will in accordance with the terms of this agreement; that she died July 16, 1934 leaving a will dated September 9, 1926, in which she bequeathed $300 to Maria J. Austin, $100 to Mary Chase Austin, daughter of Maria J. Austin, $300 to Ralph R. Barker, and other sums to strangers to George C. Barker's family. The bill further alleges that said Ralph R. Barker died leaving Ralph R. Barker, Jr. and Laura S. Seabury

as his only children and heirs at law; and that the money in the bank account standing in the name of Sarah W. Barker at her death was wholly derived ·from the estate of George C. Barker within the contemplation of the provisions of the above agreement.

At the hearing in the superior court the parties apparently introduced oral and documentary evidence; and, according to the briefs, this evidence presented substantially undisputed facts. The trial justice filed a rescript in which he reviewed the evidence and found substantially that all of the money standing in the bank account in question was derived by Sarah W. Barker, widow, from property transferred to her in accordance with the written agreement between her and the two children of her husband; that the term "descendants" of George C. Barker, appearing in the written agreement, was intended to mean only the issue of George C. Barker, living at the time of the widow's death; and that the interest of such "descendants" belonged to Maria J. Austin, daughter, and the two children of Ralph R. Barker, deceased son of George C. Barker.

A decree was entered accordingly and the respondents filed a claim of appeal therefrom, alleging in substance that the decision of the trial justice and the decree entered thereon were against both the law and the evidence. No transcript of evidence was ever requested or filed by the respondents; and no transcript was ever allowed by the superior court. No stipulation as to such transcript or any part thereof appears anywhere of record.

Upon such record, we are of the opinion that the respondents have no proper appeal pending before us for our consideration. General laws 1938, chapter 541, § § 1-3, inclusive, prescribe the mode of taking and perfecting an appeal in equity from a decree entered in the superior court. These requirements have been held to be conditions precedent to the taking and perfecting of an appeal to this court in

an equity cause. *Purcell* v. *John Hancock Mutual Life Insurance Co.*, 56 R. I. 93 and *Corbett* v. *Penhall*, 58 R. I. 185. Applying this law to the instant cause, the respondents have not satisfied the mandatory conditions of the above chapter. We are, therefore, constrained to hold that there is no appeal properly before us for consideration.

But, if it could be argued that the statute requires the appellant to file only so much of the transcript "as may be agreed by the parties", the instant appeal could not be sustained. The respondents rely ultimately on two contentions. First, that there was no evidence before the court to show that the money in the bank account was derived by the widow from the estate of George C. Barker either by gift, bequest or under the terms of the agreement of November 30, 1903; and second, that this court is not bound by the finding or inferences of the trial justice since all of the evidence in the cause was undisputed.

In the absence of any transcript of evidence or any part thereof, neither of these contentions could be sustained for obvious reasons. Without knowing all of the evidence, we would have no means of determining whether the finding of the trial justice was supported by competent evidence. For the same reason it is true that we could not tell whether the inferences drawn by the trial justice from the allegedly undisputed evidence were proper or erroneous. In such circumstances, we would be bound to assume that the trial justice had performed his duty according to law; and that the inferences he drew from the undisputed evidence were reasonable and proper. Therefore, even assuming that the appeal were before us, we must hold that the appellants' contentions and appeal could not be sustained because of the absence of any sufficient transcript of evidence.

For the reasons stated the respondents' appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Arthur J. Sullivan,* for complainants.

*Burdick, Corcoran and Peckham, Edward J. Corcoran, Alexander G. Teitz,* for respondents.

*Jeremiah A. Sullivan,* for Maria J. Austin, Ralph R. Barker, Laura S. Seabury.